UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVIS HUREL | CIVIL ACTION |
| VERSUS | NO: 16-16826 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY | SECTION: "E" (4) |

## ORDER

Before the Court is a **Motion for Leave to File Supplemental and Amended Complaint (R. Doc. 10)** filed by Travis Hurel ("Plaintiff"), seeking leave from the Court to file his first supplemental and amended complaint. The motion is opposed. R. Doc. 17. The motion will be heard on March 22, 2017.

### I.    Background

This action was removed from the Orleans Parish Civil District Court on December 2, 2016. R. Doc. 1. The Plaintiff alleges that on or about April 1, 2016 he was driving southbound on Elysian Fields Avenue. R. Doc. 1-1, p. 1. At approximately 8:10 P.M., the Plaintiff's vehicle allegedly was involved with a collision with another car when Marva Byrd Johnson ("Johnson") made an illegal u-turn at the intersection of Mexico Street and Elysian Fields Avenue. *Id.* As a result of the accident, the Plaintiff suffered a number of severe injuries. *Id.* at p. 2. Thereafter, the Plaintiff was issued a $15,000 check by GEICO, the insurance provider for the vehicle being driven by Johnson, which the Plaintiff's attorney placed into the attorney's trust account where it remains to this day. *Id.* at p. 3.

The Plaintiff also had uninsured motorist coverage by Defendant State Farm Mutual Automobile Insurance Company ("Defendant"). *Id.* However, despite allegedly being provided a satisfactory proof of loss, the Defendant has refused to pay anything to the Plaintiff. As such, the Plaintiff filed the instant suit to enforce his rights under the insurance policy with the Defendant.

1

On February 20, 2017, the Defendant filed a motion to transfer the case to a federal court in Georgia, arguing that: the Plaintiff resides in Georgia; the relevant medical care occurred in Georgia; the State Farm policy was issued in Georgia under Georgia regulatory law; Georgia law governs the dispute per a choice of law provision in the policy; and, as liability is not at issue, there are no relevant witnesses in Louisiana. *See* R. Doc. 8.

On February 24, 2017, the Plaintiff filed the instant motion to amend his complaint. R. Doc. 10. In particular, the Plaintiff wishes to add Johnson as a defendant in the instant matter and clarify his complaint to reflect the fact that Jasmine Williams ("Williams") was actually the owner of the vehicle involved in the collision and the holder of the GEICO insurance policy. R. Doc. 10-3. The Plaintiff states that he only recently became aware that Johnson was not the owner of the vehicle after further review of a police report of the incident by Plaintiff's counsel. R. Doc. 10-1, p. 2. The Plaintiff has further clarified that another firm had been handling his claims against GEICO and that firm had only recently referred the Plaintiff to his current counsel to pursue his claims against the Defendant. R. Doc. 25.

The Defendant has opposed the instant motion. R. Doc. 17. The Defendant argues that the motion should be denied because it would be futile. *Id.* at p. 5. The Defendant argues that in connection with the $15,000 paid out GEICO included a release agreement to be signed before the funds were disbursed which included a release of all claims against Johnson. Therefore, the Defendant argues that the claim may be futile because the Plaintiff may have released his claims against Johnson. The Defendant further argues that the motion is untimely given that the Plaintiff should have been aware that Johnson was not the owner of the vehicle long before the instant motion to amend. The Defendant also argues that the timing of the leave to amend suggests a bad faith attempt to add Johnson as a defendant to defeat the motion to transfer. *Id.* at p. 6-7.

The Plaintiff has filed into the record at this time an affidavit from his counsel in connection with the GEICO settlement. R. Doc. 25-1. The affidavit states that while the monies from GEICO had been placed in a trust account the release has not been executed as the Plaintiff was still waiting for written and verbal confirmation that there was no additional insurance coverage available for the loss to both Johnson and Williams. *Id.* As of this date, the monies still have not been disbursed to the Plaintiff nor has any release been executed.

Per the Court's instruction (R. Doc. 29), the Court has reviewed further documents *in camera* as provided by the Parities. Those documents demonstrate that a request was made for written and verbal confirmation of no other coverage from GEICO on July 1, 2016, five days before GEICO sent the check and release forms to the Plaintiff. Moreover, the Court has also examined the check. While the check notes Williams as the insured and that the check is for payment of "Bodily Injury Coverage," the check contains no language stating it is a full and/or final payment and does not make any reference to Johnson.

## II.   Standard of Review

Generally, Federal Rule of Civil Procedure 15(a) governs the amendment of pleadings before trial. Rule 15(a) allows a party to amend its pleadings "only with the other party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Moreover, the Rule urges that the Court "should freely give leave when justice so requires." *Id.* In taking this liberal approach, the Rule "reject[s] the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." *Conley v. Gibson*, 355 U.S. 41, 48 (1957).

"Rule 15(a) requires a trial court 'to grant leave to amend freely,' and the language of this rule 'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp.*, 427 F.3d

987, 994 (5th Cir. 2005) (internal quotations marks omitted) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines*, 283 F.3d 282, 286 (5th Cir.2002)). When denying a motion to amend, the court must have a "substantial reason" considering such factors as "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party ...and futility of the amendment.'" *Marucci Sports, LLC v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014) (quoting *Jones*, 427 F.3d at 994). An amendment is deemed to be futile if it would be dismissed under a Rule 12(b)(6) motion. *Id.* (citing *Briggs v. Miss.*, 331 F.3d 499, 508 (5th Cir 2003)).

### III.   Analysis

At this time, the Plaintiff seeks leave of the Court to file his first supplemental and amended complaint to add Johnson as a defendant and clarify that Williams was the owner of the car and the holder of the insurance policy covered by GEICO. R. Doc. 10. The Defendant opposes the motion arguing that it is untimely, likely filed in a bad faith attempt to defeat the pending motion to transfer, and would be futile.

First, the Court cannot find that the Defendant has shown that the Plaintiff's claim against Johnson is futile. The Defendant argues that from its own correspondence with the Plaintiff that it appears that the Plaintiff has released all claims against Johnson. R. Doc. 17, p. 6. Additionally, the draft Release Agreement provided by GEICO contemplate the release of the claims against Johnson. R. Doc. 17-3, p. 2. As such, the Defendant appears to be arguing that the claim is futile because the Plaintiff and Johnson—through GEICO—have either entered into a settlement agreement or because Johnson could assert the defense of accord and satisfaciton.

4

First, the Court notes that the Parties have not entered into a settlement agreement, called a compromise under Louisiana law, because the agreement was not in writing nor recited in open court as required by Louisiana Civil Code Art. 3072.

Second, "[t]he common law doctrine of accord and satisfaction embraces the discharge of an obligation by a debtor rendering, and a creditor accepting, performance different from that the creditor claims due." *Fishbach & Moore, Inc. v. Cajun Elec. Power Co-op., Inc.*, 799 F.2d 194, 197 (5th Cir. 1986) To find a valid accord and satisfaction, there must be "(1) a disputed claim, (2) the debtor's tendering of a sum less than that claimed by the creditor, and (3) the creditor's acceptance of the payment." *Id.* Additionally, "[t]he Fifth Circuit has also held that the mutual consent of the parties to enter into the agreement is required for an accord and satisfaction, and that this determination is an essential question of fact." *Cimino v. Allstate Ins. Co.*, No. 07-7095, 2009 WL 152523, at *3 (E.D. La. Jan. 21, 2009).

However, at this time, the Plaintiff has also provided evidence that—while GEICO has sent payment to the Plaintiff's counsel to hold in anticipation that the release would be executed—the release of claims against Johnson has not been effectuated at this time. While the Plaintiff's attorney appears to have negotiated the check when he placed it into his firm's trust account, the Court cannot state that the mere conditioned negotiation of a check—much less a check not bearing "full and final payment" or some similar language—while both GEICO and the Plaintiff awaited further action from each other confected the settlement agreement between the Parties or released the claims against Johnson, who was not insured by GEICO. Certainly, the Plaintiff would not have considered the payment full and final for either Williams or Johnson until he received confirmation that neither had additional insurance as he requested. *See, e.g., Fishbach & Moore, Inc. v. Cajun Elec. Power Co-op., Inc.*, 799 F.2d 194, 197-99 (5th Cir. 1986) ("Not every

5

remittance and negotiation of a check tendered with a "full settlement" notation will constitute an accord and satisfaction. The creditor must understand that upon acceptance of the tendered payment the claim will be deemed to have been paid in full."). So, at this time, the Court cannot find the Plaintiff's claims against Johnson to be futile.

Second, as to the Defendant's argument that the Plaintiff's motion is untimely, the Court is not convinced that such an action is untimely. Delay alone does not justify denial of a motion to amend. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). Rather, denial of a motion under Rule 15(a) is appropriate where the delay is "undue" in that it prejudices the nonmoving party or places an unfair burden on the Court. *Mayeaux*, 376 F.3d at 427 (citing *Dussouy v. Gulf coast Inv. Corp.*, 660 F.2d 594, 597 (5th Cir. 1981)); *Dueling v. Devon Energy Corp.*, 623 F. App'x 127, 130 (5th Cir. 2015) (internal ciations and quotations omitted) ("The touchstone for denial of leave to amend under Rule 15(a) is prejudice. Thus, delay warrants dismissal only if the delay ... presents the possibility of serious prejudice to the opponent."). Delay is prejudicial if "it hinders the opposing party's ability to respond to the proposed amendment or to prepare for trial" such as "if the amendment is asserted after the close of discovery; after dispositive motions have been filed, briefed, or decided; or on the eve of or in the middle of trial." *Dueling*, 623 F. App'x at 130.

Here, the Plaintiff sought leave to amend a little over two months after the initial filing of the complaint. R. Doc. 10. This relatively minor delay would not prejudice the Defendant given that the case is still in an early phase. It would not hinder the Defendant's ability to respond to the proposed amendment or to prepare for trial.

Third, the Defendant also argues that the timing of the amendment suggests bad faith given that the motion to amend was filed four days following the filing of the Defendant's motion to transfer. Undoubtedly, the motion's timing is certainly at least suspicious. However, without more

than just the timing of the amendment, the Court does not find bad faith. In fact, there are indications that the Plaintiff's explanation for the delay in moving to amend was done in good faith. Namely, the Plaintiff amendment comes from an alleged oversight by Plaintiff's counsel in incorrectly naming Williams as the owner and driver of the vehicle. The Plaintiff's decision to not only add Johnson as a defendant but fix an incorrect factual assertion from its original complaint—that Johnson was the owner and policyholder with GEICO—belies a finding of bad faith. Therefore, finding no substantial reason to deny the amendment, the Court grants the motion.

## IV.  Conclusion

Accordingly,

**IT IS ORDERED** that the Plaintiff's **Motion for Leave to File Supplemental and Amended Complaint (R. Doc. 10)** is **GRANTED.**

New Orleans, Louisiana, this 7th day of April 2017.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**